Battle, J.
 

 "When the plaintiff was carried to the State of Mississippi and became a resident there, the courts of that State acquired a jurisdiction over his person, and had a right to have an inquisition of idiocy found, and thereupon to have a guardian appointed for him. "Whether his guardian here could recognise such foreign guardian and have a settlement with, and pay over the idiot’s funds to him, is not proper for us to say; but it is otir duty to declare our opinion to be, that the courts of this State cannot make an order to send the idiot’s funds out of their jurisdiction. Prior to the year 1820, it seems that the guardian of a minor orphan, appointed in another State, to which the orphan had removed, could not call upon his guardian here for the funds in his hands with the view to remove them from this State ; and an
 

 
 *188
 
 act was passed in that year, authorising it to he done, the provisions of which will he found in the Revised Statutes, ch. 54, sec. 23 and 24. That act is expressly confined to the guardians of infants, and of course does not embrace a case like the present. Rut though we cannot order the removal of the idiot’s property, we cannot perceive any reason why we may not make an annual allowance for his support; and direct his guardian here, to pay it over to the guardian of his person in Mississippi. "We have not, it is true, been able to find any direct authority for it; but we are not aware of any against it, and wo think it may be done upon the same principle which empowers the court of chancery, in a proper case, to order a maiutainance for an infant whose person is out of its jurisdiction. See 2 Story’s Eq. jur. sec. 1354, b, where is cited
 
 Stephens
 
 v.
 
 James,
 
 1 Myl. & Keene, 627;
 
 Logan
 
 v. Farlie, Jacob’s Rep. 193, and
 
 Jackson
 
 v.
 
 Hankey,
 
 ibid. 265.
 

 Eor the purpose of ascertaining what amount will be a proper all owance for the i diot, due respect being had to the amount-of his estate, &c., there must be a reference to the clerk to inquire and report, &c., and the cause will be retained for further directions upon the coming in of the report.
 

 Pub Cuiiiam. Decree accordingly.